Filed 7/23/25  In re A.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | C102967 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.J.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD241612) |

J.J. (father) appeals from the juvenile court's order terminating parental rights under Welfare and Institutions Code section 366.26[1]  Father contends this court should conditionally reverse the order for failure to comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1902 et seq.).  The Sacramento County Department of Child,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Family and Adult Services (the Department) agrees it is appropriate to remand to the juvenile court for ICWA compliance.

We will conditionally reverse the juvenile court's dispositional orders and finding that ICWA does not apply, and remand the matter to the juvenile court for the limited purpose of further compliance with the inquiry and notice requirements of ICWA and related law.

BACKGROUND

The minor was born in 2018. In October 2021, the Department filed a petition under section 300, alleging, among other things, that mother engaged in substance abuse and had tested positive for cocaine and alcohol at the hospital after she and the minor were involved in a car accident in which the driver, mother's boyfriend, was under the influence of cocaine.

According to the detention report, mother reported having Native American heritage with Cherokee and Lakota ("Siouna") tribes through her maternal grandfather. The social worker was not able to communicate with father because his address was unknown. At the conclusion of the October 2021 detention hearing, the juvenile court found there was reason to believe the minor may be an Indian child and directed the Department to complete further inquiry as required by section 224.2, subdivision (e).

On November 16, 2021, the Department filed an ICWA compliance report finding that ICWA may apply. The social worker preparing the report stated she interviewed the minor's maternal great-grandfather, who reported his father was the chief of the Lakota Sioux tribe but refused to provide details. The maternal great-grandfather stated he would make his own inquiries and inform the social worker of who to contact regarding the minor's ICWA eligibility.

The social worker also spoke with the minor's maternal grandmother. The maternal grandmother said that years ago, the maternal great-grandmother had reported that the minor's Indian heritage is on the maternal great-grandfather's side of the family,

2

but, in her words, the blood percentage "barely passed" the requirement for tribal membership, and neither mother nor the minor would be eligible for tribal membership.

The social worker also interviewed the minor's maternal great-aunt, who stated the minor may be an Indian child and agreed to provide family tree information. The maternal great-aunt provided contact information for Carol Shopteese at the Bureau of Indian Affairs, who reported a conversation with the maternal great-grandfather identifying the relevant tribe for ICWA inquiry. Based on that conversation, Shopteese determined that neither the maternal great-grandfather nor his descendants were registered members of the Crow Creek Tribe. The social worker contacted the Crow Creek Nation and was awaiting a response.

The Department concluded it had exercised due diligence in attempting to contact tribes and had complied with notice requirements. The Department recommended the juvenile court find that the minor did not meet the definition of an Indian child and that ICWA did not apply.

On November 17, 2021, the Department filed a notice that father was incarcerated in New Mexico. The juvenile court appointed counsel for father.

In December 2021, January 2022, July 2022, September 2022, December 2022, and February 2023, the Department filed ICWA compliance updates regarding efforts to contact Sioux and other tribes with either pending or negative responses regarding the minor's maternal Native American affiliation.

On April 19, 2022, the Department filed an addendum to the jurisdiction and disposition report regarding an interview with father. Father stated he had never met the minor but expressed a desire to be involved in the minor's dependency matter. Father described his history with mother, his criminal history, and his current status (including his children with other mothers). Father identified his paternal grandparents but stated his paternal grandmother died in 2008. The social worker did not ask father about possible Native American affiliation.

On May 23, 2022, the Department filed a progress report stating that father had identified two family members to be considered for possible placement of the minor. The social worker spoke to one of the family members, who expressed no interest in providing placement, and left a message for the other. The report did not indicate that the social worker inquired about Native American affiliation from either family member.

The July 2022 ICWA compliance update described the social worker's unsuccessful attempt to schedule a telephone interview with father. The social worker had mailed father an ICWA questionnaire, Indian Ancestry Form, and family tree for him to complete.

The February 2023 ICWA compliance update stated that, on December 9, 2022, the social worker spoke to father by telephone and asked if there was any Native American affiliation in his family. Father stated he was not aware of any family connection to any Native American tribes.

On February 9, 2023, at a hearing in which father's counsel was present but father was not, the juvenile court found that the minor had not been identified as an Indian child pursuant to ICWA and there was no reason to believe the minor is an Indian child under ICWA. The juvenile court concluded ICWA did not apply and no further ICWA notice was required absent new evidence or information.

On July 17, 2024, notwithstanding the juvenile court's order, the Department filed an ICWA compliance update report similar to those previously filed, noting a further attempt to contact a Sioux tribe.

On July 25, 2024, the juvenile court held a hearing on ICWA compliance, jurisdiction, and disposition. Mother and father were present and represented by counsel. Counsel for the Department said the Department had submitted another ICWA compliance report indicating that no other contacted tribe had responded. Counsel asked the juvenile court to confirm that ICWA did not apply. Father's counsel presented argument on other matters but did not mention ICWA or Indian heritage with respect to

4

father's family.  Mother's counsel did not discuss ICWA compliance.  Minor's counsel submitted the issue of ICWA compliance to the court without argument.

The juvenile court found there was no reason to believe, or reason to know, that the minor is an Indian child, and it concluded ICWA does not apply.  It directed the parties and their counsel to provide any new information to the juvenile court if it might lead the court to change its orders.

On January 23, 2025, the juvenile court entered orders terminating mother and father's parental rights.  Father timely appealed.

DISCUSSION

Father contends we should reverse and remand for further ICWA compliance.

A

Congress enacted ICWA to protect Indian children and "to promote the stability and security of Indian tribes and families" by formalizing federal policy and standards regarding the removal and placement of Indian children outside the family home. (25 U.S.C. § 1902; see *In re Dezi C.* (2024) 16 Cal.5th 1112, 1128-1129 (*Dezi C.*).) The juvenile court and the social services agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child.  (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)  "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child . . . ."  (§ 224.2, subd. (b)(2).)  An " 'extended family member' " includes "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent."  (§ 25 U.S.C. § 1903(2); see § 224.1, subd. (c) [adopting ICWA definition of " '[e]xtended family member' "].)

"This 'duty to inquire begins with the initial contact, including, but not limited to,

5

asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*Dezi C., supra*, 16 Cal.5th at p. 1132.) "When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court, ]rule 5.481(a)(4)." (*Dezi C.,* at p. 1132, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Dezi. C.*, at p. 1133.)

"We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence." (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 961.) "[T]he juvenile court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102 (*Kenneth D.*).)

B

Father argues the Department failed to make meaningful inquiries of paternal relatives after father advised that he was not aware of any Native American affiliation in his family. Father contends a conditional reversal and remand is required with directions to comply with the duty of inquiry under ICWA. The Department does not oppose father's argument but maintains that a conditional affirmance should be issued. We accept the Department's concession but agree with father that a conditional reversal is warranted.

The record indicates that the Department limited its inquiry regarding the Native American affiliation of paternal relatives to a single telephone call with father in which he denied Indian ancestry. Although father had identified one living paternal grandparent

6

and two other paternal family members, and the social worker spoke with one of the paternal family members, the social worker did not ask the paternal relative whether the minor may be an Indian child, and did not contact other paternal relatives. Section 224.2, subdivision (b) imposes on the Department an obligation to inquire of a child's extended family members regardless of whether a parent denies Indian ancestry. (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 431.) Inquiry of a parent alone is insufficient. (*In re K.H.* (2022) 84 Cal.App.5th 566, 605 [inquiry that went no further than the minor's parents "fell well short of complying with the plain language of section 224.2, subdivision (b)"]; *In re S.S.* (2023) 90 Cal.App.5th 694, 701 ["extended family members can have tribal information the parents lack, or have forgotten, or refuse to divulge"]; *In re Y.W.* (2021) 70 Cal.App.5th 542, 556 ["the point of the statutory requirement that the social worker ask all relevant individuals whether a child is or may be an Indian child" is "to obtain information the parent may not have"].)

While section 224.2, subdivision (b), places the duty of inquiry, including of extended family members, on the Department, section 224.2, subdivision (a), provides that both the Department and the juvenile court have an affirmative and continuing duty to inquire whether a child is or may be an Indian child. The juvenile court should have ensured that the Department had made an adequate inquiry under ICWA and California law before finding that ICWA did not apply. (§ 224.2, subd. (a).)

Our state Supreme Court held in *Dezi C.* that an inadequate ICWA inquiry "requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court, ]rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C., supra*, 16 Cal.5th at p. 1136; see *Kenneth D., supra*, 16 Cal.5th at p. 1107.) We will conditionally reverse and remand the matter for further proceedings.

## DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5).  If the juvenile court thereafter determines that a further inquiry was proper and adequate, due diligence was conducted, and ICWA does not apply, the orders shall be reinstated.  However, if the juvenile court determines that ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA and the California implementing provisions.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
KRAUSE, J.


_____/S/_____
WISEMAN, J.*


_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.